UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEGGY LEE WHITE, #625699,

        Petitioner,

                                CASE NO. 2:08-CV-15165
v.                                        HONORABLE VICTORIA A ROBERTS

HEIDI WASHINGTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Peggy Lee White ("Petitioner") filed a *pro se* petition for writ of habeas corpus asserting that she is held in violation of her constitutional rights. Petitioner pleaded no contest to assault with intent to murder, Mich. Comp. Laws § 750.83, in the Calhoun County Circuit Court in 2007 and was sentenced as a second habitual offender, to 18 years 9 months to 40 years in prison in 2008. In her pleadings, Petitioner raises claims concerning the voluntariness of her plea and the effectiveness of defense counsel. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's conviction arises from the stabbing of another woman during an altercation at a party store in Albion, Michigan on September 23, 2007. The incident was described at the plea hearing as follows:

1

> The facts indicate that on September 23, 2007 in the City of Albion, Calhoun County, that [Ms.] White and several individuals, one of whom was Jennifer Leblanc got in an altercation near a party store. I believe in the area of Cass Street – or excuse me – that is Albion Department of Public Safety. There was an altercation at a party store, convenience store in the City of Albion, Calhoun County, that involved – that ended up resulting in Ms. White being armed with a knife and stabbing, I believe twice – at least twice Ms. LeBlanc. Her injuries were fairly significant. They resulted in – there were injury to an internal organ from the exam. . . It was a lung. She was initially brought to the hospital in Marshall for treatment and I believe she was medevaced from Marshall to a hospital in Kalamazoo, Bronson or Borgess due to the extent of her injuries. . . It's my understanding from the [preliminary] transcript that the victim was stabbed twice in the area of the left armpit and at least one of the stab wounds punctured a lung that required surgery.

Plea Hrg. Tr., pp. 8-9.

Petitioner was arrested and charged with one count of assault with intent to murder, four counts of assault/resisting or obstructing a police officer, and being a second habitual offender. On December 7, 2007, she pleaded no contest to assault with intent to murder and second habitual offender, in exchange for dismissal of the other charges and a recommendation for a sentence at the low end of the guideline range, believed to be 270 months.

Before sentencing, Petitioner moved to withdraw her plea; she says she felt pressured to plead guilty, that she may have a self-defense claim, and/or that she could be convicted of a lesser offense at trial. On January 4, 2008, the trial court denied Petitioner's motion to withdraw her plea and sentenced her to 225 to 480 months imprisonment, at the low end of the guideline range, in accordance with the plea agreement.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review, which was denied for lack of merit in the grounds presented. *People v. White*, No. 284694 (Mich. Ct. App. May 27, 2008) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court; it was

denied in a standard order. *People v. White*, 482 Mich. 991, 755 N.W.2d 656 (2008).

Petitioner then filed this habeas petition, asserting that: (1) her plea was involuntary where the record reflects that she maintained her innocence; (2) her plea was involuntary due to the ineffective assistance of counsel, because counsel failed to explain the full range of options; and (3) her plea was not knowing and intelligent because she received inaccurate advice about the sentencing guidelines, and she could not recount a sufficient basis for the charges. Respondent contends the petition should be denied for lack of merit.

### III. Analysis

#### A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see*

*also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

4

Additionally, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Here, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged error constitutes a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review is *de novo*. *See Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010); *see also Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, the Court finds that Petitioner is not entitled to federal habeas relief under either a deferential or *de novo* standard of review.

**B.    Involuntary Plea Claims**

Petitioner asserts that she is entitled to habeas relief because her no contest plea was involuntary. When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756.

5

The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. At the time of her plea, Petitioner was 34 years old and had significant prior experience with the criminal justice system. There is no indication that Petitioner suffered from any medical or mental condition which impaired her ability to understand the proceedings or the nature of her plea. Petitioner responded appropriately to the court's questions and accepted a factual basis for her plea which indicated that she had stabbed another woman twice, resulting in life-threatening injuries. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of her trial rights and the fact that she would be giving up those rights by pleading guilty. The parties discussed the plea agreement and the recommendation for a sentence at the low end of the guideline range. The trial court also informed Petitioner of the maximum sentence she faced upon conviction and that the court had not agreed to a particular sentence. Petitioner indicated that she understood the plea agreement, was pleading no contest of her own free will, and had not been coerced or threatened. She also indicated that no promises, other than those contained in the plea agreement, had been made to induce her to tender the plea.

Petitioner asserts that her plea was involuntary because she maintained her innocence during the proceedings. However, a solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Unsupported assertions of innocence are insufficient to permit a defendant to withdraw a plea. *See United States v. Jones*, 336 F.3d 245, 252 (3rd Cir.2003) ("Assertions of innocence must be buttressed by facts in the record that support a

claimed defense."); *Everard v. United States*, 102 F.3d 763, 766 (6th Cir.1996) (citing authority for the proposition that "the mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal"). Petitioner offered no evidence, other than her own assertions, to establish her innocence. Moreover, the testimony from the preliminary examination, including the victim's statements, provided significant evidence of guilt. Petitioner has not shown that she is innocent or that her plea was involuntary at the time it was rendered. The fact that Petitioner was subsequently dissatisfied with her plea or may have hoped for more lenient treatment, does not render her plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner also asserts that her plea was not voluntary or knowing because defense counsel failed to properly advise her of her options, misinformed her about the sentencing guidelines, and coerced her to accept a plea. Petitioner has not established that counsel misadvised her about her case or her plea. Moreover, even if Petitioner was misinformed by counsel, she is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. The trial court reviewed the terms of the agreement and the consequences of the plea, the sentencing recommendation of 270 months, and the maximum possible sentence. The trial court also stated that it had not agreed to a particular sentence. Petitioner has not shown her plea was unknowing.

Additionally, Petitioner's assertion that defense counsel pressured her into pleading no contest conflicts with her sworn testimony at the plea hearing, where she denied being coerced and stated that she was entering the plea of her own free will. There is no evidence that defense

counsel strong-armed Petitioner or used coercive tactics to get her to accept the plea and sentencing agreement. The record merely indicates that counsel gave Petitioner realistic advice about her slim chances of prevailing at trial or securing a more favorable plea deal. Given the preliminary examination testimony, the extent of the victim's injuries, and the fact that a video showed Petitioner moving toward the victim with a knife, counsel's advice was reasonable.

Petitioner further asserts that her plea was not knowing or voluntary because she was unable to recount a sufficient basis for her plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See Alford*, 400 U.S. at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. As previously discussed, Petitioner has not shown, nor does the record indicate, that her plea fails to meet that requirement. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

### C. Ineffective Assistance of Counsel Claim

Petitioner says that she is entitled to habeas relief because defense counsel was

8

ineffective, rendering her plea involuntary. The United States Supreme Court set forth a two-part test for evaluating the claim of a habeas petitioner who challenges a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner seems to assert that counsel was ineffective for failing to investigate her case during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

9

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective for failing to investigate her case or take other actions during the pre-trial, period is foreclosed by her plea and she is not entitled to relief on such a basis.

Petitioner also asserts that defense counsel was ineffective for advising her to plead guilty rather than investigating witnesses, advising her about her options, and preparing a defense. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate her case or was deficient for advising her to accept a plea. Petitioner was charged with assault with intent to murder, several counts of resisting and obstructing the police, and second habitual offender – and she faced a life sentence. Petitioner admits that she met with counsel and they discussed her case. Counsel advised Petitioner to consider a plea upon reviewing the police reports, the victim's injuries, and a video of the incident. Counsel did not believe that Petitioner

10

could prevail at trial. Given such circumstances, counsel reasonably advised Petitioner to accept a plea with a sentence at the low end of the guidelines. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case and the circumstances that evolved prior to trial. Moreover, counsel's strategy was effective in that the court set a minimum sentence even lower than the prosecutor's recommendation.

Although Petitioner believes that she could have raised a self-defense claim or possibly been convicted of a lesser charge, she offers no evidence, other than her own assertions in support of such claims. It is well-settled that conclusory allegations are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing in habeas proceedings). Petitioner fails to show that defense counsel erred or acted unreasonably in advising her to accept the plea agreement.

Furthermore, Petitioner has not established that but for counsel's alleged errors there is a reasonable probability that she would not have pleaded no contest, and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. By entering a plea, Petitioner secured the dismissal of certain felony charges; she also reduced her maximum sentencing exposure from life in prison to a term of 18 years 9 months to 40 years imprisonment. The matters which she believes should have been further investigated by counsel do not establish her innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on her ineffective assistance of counsel claim.

**IV.     Conclusion**

The Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this dispositive decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id.* at 336-37.  Having done so, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claims.  The Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal; appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  The Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts

United States District Judge

Dated: December 8, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Peggy White by electronic means or U.S. Mail on December 8, 2010.

s/Linda Vertriest
Deputy Clerk